of bankruptcy, and stay all further proceedings in the district court.

[NOTE. For the proceedings in Massachusetts, see Cases Nos. 47, 152, and 13,684; in Connecticut, Case No. 1,677. As to the question of appointment of assignees, see Case No. 1,680.]

## Case No. 1,679.

### In re BOSTON, H. & E. R. CO.

[5 N. B. R. 232.][1]

District Court, S. D. New York. Feb. 27, 1871.[2]

BANKRUPTCY—CREDITOR NOT PETITIONING CANNOT INTERFERE.

A motion on the part of a creditor who is not a party to the petition, that the proceedings on the petitions for adjudication be dismissed, must be denied on the ground that the denials of bankruptcy by debtors are questions solely between the petitioning creditors and the debtors, with which no outside party, sustaining merely the relation of a person who claims to be a creditor of the debtors, can be permitted to interfere.

[Cited in Re Bush, Case No. 2,222. Disapproved in Re Bergeron, Id. 1,342; Re Donnelly, 5 Fed. 785. Distinguished in Re Mendelsohn, Case No. 9,420.]

In bankruptcy.

J. H. Choate, for the motions.
C. A. Kevan and W. E. Curtis, opposed.

BLATCHFORD, District Judge. The motion on the part of Seth Adams, claiming to be a creditor of the above named debtors, that he may be allowed to defend in this court against petitions filed in this court by James Alden and the Adams Express Company who also claim to be creditors of said debtors, to have such debtors adjudged bankrupt is denied. If the debtors have any defence against such petitions, it is for them to make it out against the petitioning creditors. Mr. Adams can have no concern in the matter certainly before adjudication. His motion that the proceedings on the said two petitions for adjudication in this court, and all proceedings in bankruptcy in this court in the matter of said debtors may be perpetually stayed, or that said petitions and proceedings may be dismissed, is also denied, without considering any of the merits discussed on the motion, on the ground that at this stage of the proceedings such a motion cannot be made by Mr. Adams. The questions at issue now on the petitions for adjudication in this court, and the denials of bankruptcy by the debtors, are questions solely between such petitioning creditors and the debtors, with which no outside party, sustaining merely the relation of a person who claims to be a creditor of the debtors, can be permitted to interfere. No question of jurisdiction is involved. This court has full jurisdiction of the petitions for

adjudication, notwithstanding anything alleged on these motions. If the debtors shall be adjudged bankrupt by any other court before they are adjudged bankrupt by this court, a different state of things and different questions will arise.

[NOTE. For other proceedings in Massachusetts, see Cases Nos. 47,152 and 13,684; in New York, see Case No. 1,680; in Connecticut, Case No. 1,677.]

## Case No. 1,680.

### In re BOSTON, H. & E. R. CO.

[5 N. B. R. 233.][1]

District Court, S. D. New York. April 10, 1871.

BANKRUPTCY—PROPERTY IN SEVERAL STATES— APPOINTMENT OF ASSIGNEES.

Where a corporation, holding property and carrying on business in three several states, is adjudicated bankrupt and assignees are appointed who are respectively citizens of two states in which proceedings in bankruptcy are pending, but none is appointed in the third state in which proceedings in bankruptcy are also pending, held, that as three assignees were to be chosen, and proceedings were pending in three different districts, it ought to have been so arranged that each of the districts could have an assignee within it a resident thereof. The court in the district in which no assignee has been selecte.. .herefore declines to approve of the election of the assignee.

[On certificate of register in bankruptcy.]

I, Edgar Ketchum, one of the registers of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause before me, the following question arose pertinent to the proceedings, and was stated by the counsel for the opposing parties, to wit, DaCosta, who appeared for one creditor, and Mr. James H. Clark, who appeared for other creditors of the bankrupt. The assignees chosen are residents respectively of the states of Massachusetts, Rhode Island and Connecticut, and not of the state of New York, or of the southern district of New York, and the fact that they have already been appointed assignees in the proceedings in bankruptcy pending against the same bankrupt in the United States district courts in Massachusetts and Connecticut, respectively, is no reason why this objection should be disregarded; each of those courts having an assignee or assignees within its own jurisdiction. So the former. The latter answering that nothing in the act forbids it, and that convenience may justify the allowance of it in this case. In the opinion of the register, as three assignees were to be chosen, and proceedings were pending in three different districts of the United States, it ought to have been so arranged that each of the districts could have an assignee within it, a resident thereof. And in accordance with decisions upon the point already made, he considers the objection well taken.

---

[1] [Reprinted by permission.]
[2] [Reversed in Case No. 1,678.]

[1] [Reprinted by permission.]

BLATCHFORD, District Judge. I concur in the views of the register, and decline to approve the election of assignees.

[NOTE. For proceedings in Massachusetts, see Cases Nos. 47, 152, and 13,684; in New York, see Cases Nos. 1,678 and 1,679; in Connecticut, Case No. 1,677.]

BOSTON, H. & E. R. CO. (ADAMS v.). See Case No. 47.

BOSTON, H. & E. R. CO. (ALDEN v.). See Case No. 152.

BOSTON, H. & E. R. CO. (SWEATT v.). See Case No. 13,684.

BOSTON MACH. CO. (TUFTS v.). See Case No. 14,231.

## Case No. 1,681.

BOSTON MANUF'G CO. v. FISKE et al.

[2 Mason, 119;[1] 1 Robb, Pat. Cas. 320.]

Circuit Court, D. Massachusetts. Oct. Term, 1820.

### PATENTS—INFRINGEMENT—DAMAGES.

The jury may, if they see fit, in a case for infringing a patent, give the plaintiff as part of his "actual damage," such expenses for counsel fees, &c. as have been necessarily incurred in vindicating the plaintiff's right by a suit, and which are not taxable in the bill of costs.

[Cited in Allen v. Blunt, Case No. 217; Lake Shore & M. S. Ry. Co. v. Prentice, 147 U. S. 108, 13 Sup. Ct. 263. Disapproved in Stimpson v. The Railroads, Case No. 13,-456.]

Case [against Jonathan Fisk and another] for infringing a patent for "a new and useful improvement of a spinning frame for spinning cotton," invented by Paul Moody, and assigned by him to the plaintiff. The patent was dated the 17th of January, 1818, and the assignment the 14th of January, 1819. The cause was tried upon the general issue, and the principal question was, whether the patentee was the original inventor, it being contended that machines, of substantially the like structure, were known and used before the plaintiff's supposed invention; and the defendants' counsel cited Rees' Cyclopaedia, vol. 40, pt. 1, art. "Dressing Machine." A question, however, of law arose at the trial, whether the jury might include in the damages, if their verdict was for the plaintiff, counsel fees and other necessary expenses incurred at the trial, which were not within the taxable costs.

Gorham and Webster, for plaintiff.

G. Sullivan, for defendants.

STORY, Circuit Justice. In one of the earliest cases which came before me, after my advancement to the bench, this very question arose, and at the trial I decided that counsel fees and other necessary expenses, not included in the taxable costs, were proper to be allowed by the jury, if they saw fit, as part of the "actual damage" of the plaintiff, within the contemplation of the patent act. But upon a motion for a new trial, the circuit court felt itself constrained upon the authority of Arcambel v. Wiseman, 3 Dall. [3 U. S.] 306, very much against its own judgment, to declare the contrary doctrine. Whittemore v. Cutter [Case No. 17,600]. Since that period, I have not been able upon inquiry, to learn that any of my brethren hold to so rigid a rule; or have felt themselves bound to limit the discretion of the jury, as to an allowance of items of this nature. Nor can I now deem Arcambel v. Wiseman, an authority on which one ought to repose, in a case of this sort, without very serious doubts. The case appears to have been decided on this point, without much argument, and is very imperfectly reported. I have examined the original record. It was a libel filed by the Spanish consul for restitution of a Spanish vessel, captured by an armed French vessel on the high seas. The district court dismissed the libel, and awarded damages for the delay, &c. to the captors. The circuit court affirmed the decree, and it was afterwards on error affirmed by the supreme court; but a charge of $1,600, for counsel fees, appearing on the record to have been allowed as part of the damages, the supreme court disallowed this item, declaring the general practice of the United States to be in opposition to it, and if that practice were not strictly correct in principle, it ought to be respected until changed by statute. It is to be observed, that this was an admiralty or prize suit. In cases of marine torts, or illegal captures, it is far from being uncommon in the admiralty to allow costs and expences, and to mulct the offending parties, even in exemplary damages, where the nature of the case requires it. In prize causes it is the usual course to allow the captors their costs and expenses upon restitution being decreed, where the original capture is justifiable, or farther proof is required. It can hardly be presumed, that the court alluded to cases of this nature—to cases of admiralty and prize jurisdiction, for it is scarcely possible, that any general uniform practice had been adopted in the United States, at so early a period; and if it had been, it must have been founded on a want of accurate knowledge of the principles and doctrines of courts of admiralty on this subject. Courts of admiralty allow such items, not technically as costs, but upon the same principles, as they are often allowed damages in cases of torts, by courts of common law, as a recompense for injuries sustained, as exemplary damages, or as a remuneration for expences incurred, or losses sustained, by the misconduct of the other party. The court in the remarks imputed to them by the reporter, must have referred only to the general practice in the courts of common law in the United States, not to tax

---

[1] [Reported by Hon. Wm. P. Mason.]